UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BRENDA F. HONEYCUTT | CIVIL ACTION NO. 03-1745-M |
| -vs- | JUDGE DRELL |
| SYSCO FOOD SERVICES OF JACKSON, L.L.C. | MAGISTRATE JUDGE KIRK |

RULING

Before the Court is the motion for summary judgment filed by defendant, SYSCO Food Services of Jackson, L.L.C. ("SYSCO") (Doc. 32). Having reviewed the motion and memoranda submitted by the parties, as well as the applicable statutes and case law, and for the reasons set forth below, the Court finds that plaintiff, Brenda Honeycutt ("plaintiff"), has identified a genuine issue of material fact regarding the circumstances which gave rise to her personal injury claim. Accordingly, SYSCO's motion for summary judgment will be denied.

BACKGROUND

Plaintiff, a Louisiana resident, worked as a kitchen supervisor for City of Faith Prison Ministries, Inc. ("City of Faith"), a halfway house located in Monroe, Louisiana (Doc. 1). One of plaintiff's duties included stocking the kitchen with food and supplies. She ordered items as needed, and they were typically

delivered *via* truck. On February 26, 2003, a shipment from defendant SYSCO, a Mississippi corporation (Doc. 2), arrived in a truck driven by then-SYSCO employee, Ivan Grant. The supplies had been packed inside boxes, which in turn stood on top of pallets. Mr. Grant stayed inside the rear of the truck on this occasion to cut shrink-wrap away from the boxes and to move the boxes to the edge of the truck. City of Faith residents then carried the items into the building. Plaintiff began to take inventory of the food and supplies as they were being unloaded. She claims that while she was standing at the rear of the truck, one or more boxes fell out of the truck and struck her on the head. She does not, however, know how or why the boxes fell. (Doc. 32, Exh. A.)

Mr. Grant, the truck driver, testified in his deposition that he saw several boxes fall as he was cutting the shrink-wrap away from them. Despite his efforts to catch them, one of the boxes fell toward the trailer opening. (Doc. 32, Exh. B.)

Plaintiff sued SYSCO in the Fourth Judicial District Court, Parish of Ouachita, Louisiana, alleging negligence in the loading and/or unloading of the truck and SYSCO's vicarious liability. SYSCO removed the action to this Court (Doc. 2) and has since moved for summary judgment (Doc. 32), claiming plaintiff has failed to produce any evidence that would show negligence by anyone for whom SYSCO had responsibility. Plaintiff opposes the motion (Doc. 36), arguing Mr. Grant admitted in his deposition that the boxes may have been improperly positioned aboard the truck. Plaintiff also contends the doctrine of *res ipsa*

2

*loquitur* is applicable. The issues are now ripe for resolution. This Court has jurisdiction under 28 U.S.C. § 1332.

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if, after adequate time for discovery and upon motion, the nonmovant has failed to make a showing sufficient to establish an element essential to the party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). The nonmovant must respond by offering actual evidence, not mere arguments or allegations. *Fiesel v. Cherry*, 294 F.3d 664, 667 (5th Cir. 2002). She must go beyond the pleadings and, by her own affidavits, depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## DISCUSSION

Plaintiff submits she has presented both direct and indirect evidence creating a genuine issue of material fact regarding SYSCO's handling of the materials. Her opposition (Doc. 36) points to Mr. Grant's deposition testimony, in

which he stated the boxes were stacked improperly on occasion. (Doc. 32, Exh. B.) Plaintiff claims this constitutes direct evidence tending to show negligence on the part of SYSCO's employees. Mr. Grant also testified, however, that he did not remember complaining about the way the boxes were stacked the morning of February 26, 2003. (Doc. 32, Exh. B.) This testimony, while casting doubt on the defendant's commitment to safety in general, does not establish the boxes were loaded improperly on this particular occasion. Generally, evidence that the boxes were sometimes loaded improperly would not be admissible to prove negligence in a specific instance, absent a pattern or a showing that the improper loading was pursuant to a company-sponsored procedure. Fed. R. Evid. 404, 406.

Plaintiff also invokes the doctrine of *res ipsa loquitur* and contends she needs no direct evidence in order to survive summary judgment. *Res ipsa loquitur* is a rule of circumstantial evidence which allows the trier of fact to infer negligence on the part of a defendant if the facts indicate the defendant's negligence, more probably than not, caused the injury. *Spott v. Otis Elevator Co.*, 601 So.2d 1355, 1362 (La. 1992). Three elements must be satisfied prior to the invocation of the doctrine. First, the circumstances surrounding the accident must be so unusual that, in the absence of other pertinent evidence, there is an inference of negligence on the part of the defendant. *Id.; Cangelosi v. Our Lady of The Lake Regional Medical Center,* 564 So.2d 654, 666 (La. 1989). Second, the defendant must have had exclusive control over the thing causing the injury.

*Spott,* 601 So.2d at 1362. However, this requirement is not strictly applied in Louisiana law. Instead, it is satisfied if the circumstances indicate that it is more probable than not that the defendant caused the accident and other plausible explanations do not appear to be the probable cause of the accident. *Id.* Finally, the circumstances must be such that the only reasonable and fair conclusion is that the accident was due to a breach of duty on the defendant's part. *Id.; Cangelosi,* 564 So.2d at 666. The third element is also stated as requiring that the plaintiff's own negligence did not contribute to the accident. *Perkins v. Wurster Oil Corp.*, 04-692 (La. App. 3d Cir. 11/10/04), 886 So.2d 1229, 1234.

Applying these concepts to the present case, the facts shown thus far support all three elements of *res ipsa loquitur.* First, this is the type of occurrence which should not take place in the absence of negligence. Boxes are not supposed to fall upon people during the unloading process. In this regard, the instant case is similar to *Foret v. F.W. Woolworth & Co.*, 200 So.2d 417, 418 (La. App. 4th Cir. 1967), in which a store patron was injured when a "record tree" holding numerous vinyl albums fell on her for no apparent reason. The trial court, after considering the facts, stated, "I don't know what *res ipsa loquitur* is if that is not *res ipsa loquitur,*" and the appellate court agreed. *Id.*

Additionally, under the facts currently available, there is no evidence suggesting anyone other than the defendant had exclusive control over the box(es) which allegedly struck the plaintiff. Thus, "the circumstances indicate

5

that it is more probable than not that the defendant caused the accident and other plausible explanations do not appear to be the probable cause of the accident." *Spott*, 601 So.2d at 1362. Finally, there is no indication plaintiff did anything to contribute to her own injury. The only evidence in the record which does anything to shed light on the possible cause of the accident points to the manner in which the boxes were positioned upon the pallets and the driver's actions in unloading them. Plaintiff was not involved in the movement of the boxes, inside or outside of the truck. (Doc. 32, Exh. A.)

## CONCLUSION

The facts alleged show it is appropriate to allow the jury to evaluate SYSCO's conduct. The motion for summary judgment (Doc. 32) is DENIED.

SIGNED on this 22nd day of August, 2005, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge